JUDGE BUCHWALD

UNITED STATES DISTRICT COURT **14** ("ECF CASE") **584**
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MUKUL BARUA,                                         HON.
                                                     Index No.
                              Plaintiff,
                                                     **VERIFIED COMPLAINT**

                                                     **DEMAND FOR TRIAL BY
                                                     JURY**

                   -against-


CITY OF NEW YORK,
NATHAN CAVADA,(Transit Div. Dist.
04- Shield #20077),
"JOHN DOES" and "JANE DOES" (Unidentified
police officers employed by the City of New York
and sued in their individual and official capacities),

                              Defendants.

-------------------------------------------------------------X



RECEIVED
JAN 30 2014
U.S.D.C. S.D. N.Y.
CASHIERS


## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff, **MUKUL BARUA**, seeks relief for

   the defendants' violation of his civil rights secured by the Civil Rights Act of

   1871, as amended and codified by 42 U.S.C. § 1983, by the United States

   Constitution, including the Fourth and Fourteenth Amendments and by the laws

   of the City and State of New York.  Plaintiff seeks damages, both compensatory

   and punitive, affirmative and equitable, an award of costs, attorney's fees, expert

   witness fees, taxable costs of court, and pre-judgment and post-judgment interest

   for false arrest and malicious prosecution that Plaintiff suffered regarding his

   reputation and repercussions of these acts and such other and further relief as this

   court deems equitable and just.

## II.  JURISDICTION AND VENUE

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, 28 U.S.C. §1331 (federal question) and 1343 (a) (3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims that form part of the same case and controversy as against all parties within the original jurisdiction of this court.

## III. JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as plead herein.

## IV. VENUE

5. The Court has personal jurisdiction Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and each Defendant maintains sufficient contacts with the State of New York and regularly conducts business in the district of this court.

## V. PROCEDURAL REQUISITES: NOTICE OF CLAIM

6. Pursuant to Order of the Supreme Court of the State of New York, in the matter of Mukul Barua v. City of New York, et al., Index No. 103922/12, Plaintiff duly filed a Notice of Claim, pursuant to General Municipal Law § 50-e, a copy is herein attached.

7. All conditions, precedent to filing this cause of action, have been met.

## VI. PARTIES

8.  Plaintiff, MUKUL BARUA, (hereinafter "Plaintiff"), is a citizen and resident of the City of New York and the State of New York.

9.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and duly incorporated and existing pursuant to the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK is authorized by law to maintain the police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11. Defendant, CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk of the services provided by the New York City Police Department.

12. Defendant Officer Nathan Cavada was and is a police officer with the New York City Police Department.

13. Respondents "JOHN DOES" and "JANE DOES" are unidentified enforcement officers and employees, agents and servants of respondents the CITY and NYPD, and are all sued in their individual and official capacities.

14. The Defendant City of New York may be serviced with summons by serving the City of New York, Law Department, Corporation Counsel, 100 Church Street, New York, N.Y. 10007, pursuant to N.Y. Civil Practice Law & Rules § 311(2).

15. Defendants, Police Officer Nathan Cavada and "John Doe", may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, New York, NY 10038.

16. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that such Defendants' officers, managers, agents, servants, and/or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such Defendants or was done in the routine course and scope of employment of Defendants' managers, agents, servants, or employees.

17. On July 6, 2011, at approximately 6:00pm, Plaintiff was on the New York City subway train # 5.  The train was crowded.  Plaintiff was approached by a police officer, who he later came to know was Nathan Cavada (Transit Div. Dist. 04-Shield #20077).

18. There was another officer with him.  Plaintiff does not know his name.

19. Defendant Officer Cavada stopped Plaintiff without legal justification or probable cause.

20. Defendant Cavada then handcuffed Plaintiff and placed him under arrest.

21. Plaintiff was searched and taken a police precinct, photographed and fingerprinted.

22. Plaintiff was then falsely charged with violation of the Penal Law § 130.52 (Forcible Touching) and Penal Law § 130.55 (Sexual Abuse).

23. According to the criminal charges lodged by Defendant Cavada, the alleged complainant was a woman named Panjim Shim.

24. Plaintiff has never met Panjim Shim and at no time between the time of the stop and arrest and dismissal did Plaintiff observe defendants speak to any female in order to corroborate these allegations.

4

25. Plaintiff was given a desk appearance ticket and ordered to appear in court on August 9, 2011 and on other dates.

26. Ms. Shim never appeared in at the precinct or at on the Plaintiff's court dates to lodge a complaint

27. Plaintiff hired the Law Office of Ali & Bains to represent him in the criminal case and this office filed an Omnibus Motion on Plaintiff's behalf, which the respondents opposed.

28. By Decision & Order dated February 28, 2012, the Honorable Diana M. Boyar dismissed all charges against Plaintiff.

29. Officer Cavada lied in his sworn affidavit to the criminal court that Plaintiff had "intentionally and forcibly touched the sexual and other intimate parts of another person for the purpose of degrading and abusing such person."

30. Defendants John Doe and Jane Doe refused to assist Plaintiff.

31. Defendants should have known, with proper supervision and training, that Plaintiff could not have committed the crime charged.

32. Defendants failed to disclose exculpatory evidence and acted with gross malice in charging Plaintiff falsely with a crime he had not committed.

33. Over the course of approximately 8 months Plaintiff was forced to return to court to contest the false charges.

34. Each time Plaintiff appeared in criminal court, the police officer refused to withdraw the charges and or produce the witness.

35. Defendants insisted that Plaintiff plead guilty.

36. Due to respondent's gross racial profiling, wrongful arrest and malicious prosecution, Plaintiff lost days of work, lost his taxi license and suffered loss to his business.

37. He also suffered humiliation and emotional distress and incurred legal fees and other damages.

38. Plaintiff seeks to recover these damages from respondents, the City of New York, Officer Cavada and John and Jane Doe under Civil Rights Law of 1983 and state law.

## V.      FACTS & CLAIMS

### Count One – Racial Profiling and Discrimination

39. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

40. Plaintiff is a male of Bangladesh descent.

41. Because of Plaintiff's race he belongs to a group of persons that 42 U.S.C. § 2000e, et seq. (Title VII of the 1964 Civil Rights Act, as amended) intended to protect against discrimination.

42. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants and the City of New York discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory rights.

43. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

44. As a direct and proximate result of Defendants' discriminatory actions Plaintiff was falsely arrested, detained without just or probable cause and faced bogus criminal charges.

45. Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of his taxi license and business.

46. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

**Count Two –Violations Of 1st, 5th, And 14th Amendment Constitutional Rights.**

47. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

48. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendant, City of New York, violated plaintiff's constitutional and statutory rights.

49. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

50. Defendant unlawfully and without privilege to do so confined Plaintiff without Plaintiff's consent.

51. Plaintiff was at all times conscious of his confinement.

52. Because of Defendants' wrongful actions, Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

53. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

**Count Three- Municipal Liability**

54. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

55. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory rights.

56. Furthermore, Defendants acted with malice and reckless indifference to the federally protected rights of the Plaintiff.

57. Because of Defendants' discriminatory actions Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

58. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

**Count Four- Punative Damages**

59. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

60. Defendants' knew they lacked any legitimate cause or justification for the criminal charges, and their actions were intentional, malicious, reckless and in bad faith.

**Count Five – Negligence**

61. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

62. Each Defendant facilitated the discrimination, false arrest and malicious prosecution of plaintiff by acting negligently, negligently hiring, supervising and or training its employees, as each such employee was clearly incompetent to occupy the position bestowed upon him as a result of unsound judgment, negligent hiring, and negligent promotion practices of Defendants.

## VI. DAMAGES

63. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

64. As a result of Defendants' violations of the above-stated federal and state statutes and constitutions, Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest, and other and further relief as the court deems appropriate under the circumstances.

## VII. ATTORNEY'S FEES

65. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

66. As a further result of Defendant's acts and omissions, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf and defend against the bogus charges.

67. Plaintiff has retained the services of the undersigned counsel of record, and

accordingly, Plaintiff sues for reasonable attorney's fees as provided by statute.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, PREMISES CONSIDERED, cause having been shown, Plaintiff Mukul

Barua prays that the Court enter judgment:

a.  Declaring that each Defendant's actions were in violation of its legal duty to

comply with law;

b.  For actual and liquidated damages for the period of time provided by law, for

compensatory and punitive damages for the willful, wanton, malicious and

conscious disregard of Plaintiff's legal rights;

c.  Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated

damages, expert witness fees, taxable costs of court, pre-judgment and post-

judgment interest; and

d.  For any other and further relief as the court deems appropriate under the

circumstances.

Respectfully submitted,

The Law Office of Ali & Bains, PC
By: Wanda Sanchez Day, PC
Federal Id. No. WD5076
118-35 Queens Blvd., Suite 1709
Telephone:      (646) 479-9517
Facsimile:      ( 646) 217-3706
ATTORNEYS FOR PLAINTIFF

<u>COMPLAINT VERIFICATION</u>

Mukul Barua, being duly sworn, deposes and says:

     I am the plaintiff in the above action.

     I have read the foregoing document and know the contents.  The contents are true to my own knowledge except as to the matters stated upon information and belief, and as to those matters I believe them to be true.

Dated:     *December 20, 2013*
       Queens, NY

                                  *Mukul Barua.*
                                  Mukul Barua

Sworn to before me this

*20* day of *December*, 2013

NOTARY PUBLIC

LAWRENCE SPIVAK
Notary Public, State of New York
No. 02SP4930622
Qualified in Queens County
Commission Expires ~~April 18, 20~~ *June 25, 2014*

11

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

-------------------------------------------------------------x                    Index No. 103922/12

Mukul Barua,

                      Petitioner,

           -against-                                          NOTICE OF ENTRY

CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
NATHAN CAVADA(Transit Div.
Dist. 04- Shield #20077),
"JOHN & JANE DOES" Unidentified
police officers sued in their
individual and official capacities),

                      Respondents.

-------------------------------------------------------------x

     **PLEASE TAKE NOTICE**, that the within Decision and Order is a true copy of an Order

that was entered in the clerk's office of the Supreme Court of the State of New York, County of

New York, located 60 Centre Street, New York, NY on May 15, 2013.

Dated: FOREST HILLS, NEW YORK
      May 15, 2013

                                          Yours, etc.,

                                          By: WANDA SANCHEZ DAY, ESQ.
                                          WANDA SANCHEZ DAY, PC.
                                          **ALI & BAINS P.C**
                                          118-35 Queens Blvd, 17th Floor
                                          Forest Hills, N.Y 11375
                                          (646) 479-9517

     TO:   Michael Cardozo
           Corporation Counsel
           New York City Law Department
           100 Church Street
           New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK - NEW YORK COUNTY
PRESENT: Hon. Doris Ling-Cohan, Justice                    Part 36

---

MUKUL BARUA,

                                  Petitioner,

                                                      INDEX NO. 103922/12

          -against-                                   MOTION SEQ. NO. 001

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NATHAN CAVADA, (Transit Div.
Dist. 04 - Shield # 20077), "JOHN & JANE DOES"
(Unidentified police officers sued in their individual
and official capacities), and PANJIN SHIM,

                                  Respondents.

---

The following papers, numbered 1-5 were considered on this motion, to serve a late notice of claim:

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | 1, 2, 3, 4 |
| Answering Affidavits — Exhibits | 5 |
| Replying Affidavits | |

Cross-Motion:   [ ] Yes   [X] No

Upon the foregoing papers, it is ordered that this motion is decided as set forth below.

                                  Background

        Petitioner seeks to commence an action against the City of New York (City) and the New York

City Police Department (NYPD), as well as the other respondents, for false arrest and malicious

prosecution. His claims are based upon his arrest on July 6, 2011, for forcible touching and sexual

abuse. Petitioner was taken to a police precinct, photographed, and fingerprinted. Petitioner was given a

desk appearance ticket and ordered to appear in court on August 9, 2011. On February 28, 2012, the

charges against petitioner were dismissed, by Decision & Order of Honorable Diana M. Boyar.

        Petitioner brought the instant application to serve a late notice of claim, by Notice of Petition and

Verified Petition, on or about October 2, 2012.

Discussion

At the outset, this Court notes that petitioner seeks to serve a late notice of claim against the NYPD, an agency of the City. *See* New York City Administrative Code § 12-303(d); New York City Charter § 431. Pursuant to New York City Charter § 396, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." Thus, the petition is denied as against the NYPD.

Under General Municipal Law (GML) § 50-e(1)(a), service of a notice of claim must occur within 90 days after the claim arises. The accrual date for a claim of malicious prosecution accrues on the date that the criminal charges are dismissed, in this case on February 28, 2012. *See Grallon v City of New York*, 222 AD2d 257, 258 (1st Dep't 1995). Here, petitioner has failed to serve a notice of claim and thus it is untimely. Moreover, the accrual date for the claim of false arrest begins on the day that an inmate is released from prison. *See Nunez v City of New York*, 307 AD2d 218, 219 (1st Dep't 2003). Petitioner does not identify the date he was released from custody. Nevertheless, since petitioner was issued a desk appearance ticket, it was likely that he was released by the police on the day the incident occurred, July 6, 2011. Thus, petitioner's notice of claim is also untimely with respect to his claim of false arrest.

However, petitioner may seek leave to file a late notice of claim, as the applicable one year and 90 day statute of limitations has not run with respect to either of petitioner's claims for false arrest or malicious prosecution. *See Pierson v City of New York*, 56 NY2d 950, 954 (1982); *Hall v City of New York*, 1 AD3d 254, 255-256 (1st Dep't 2003); *Davis v City of New York*, 250 AD2d 368, 369 (1st Dep't 1998). When deciding a motion to serve a late notice of claim, courts consider various factors, including: (1) whether petitioner has demonstrated a reasonable excuse for the failure to timely serve a

notice of claim; (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter -- a factor that should be accorded great weight, (*see Justiniano v New York City Hous. Auth. Police*, 191 AD2d 252 [1st Dep't 1993]); and (3) whether the delay substantially prejudiced the municipality respondents' ability to defend its case on the merits. *See* GML § 50-e(5); *Gelles v New York City Hous. Auth.*, 87 AD2d 757 (1st Dep't 1982); *Strauss v New York City Tr. Auth.*, 195 AD2d 322 (1st Dep't 1993); *Diallo v City of New York*, 224 AD2d 339 (1st Dep't 1996). No one single factor is determinative. *See Matter of Gerzel v City of New York*, 117 AD2d 549, 551 (1st Dep't 1986).

Here, while petitioner has failed to set forth an acceptable excuse for his failure to timely file a notice of claim, the "[a]bsence of an acceptable excuse for delay is not necessarily fatal to [a] petitioner's motion." *Diallo v City of New York*, 224 AD2d 339, 340 (1st Dep't 1996); *Chattergoon v New York City Hous. Auth.*, 197 AD2d 397 (1st Dep't 1993). Rather, courts have ruled that when deciding a petitioner's motion to file a late notice of claim, all factors listed in GML § 50-e(5), whether the respondent acquired actual knowledge of the essential facts constituting the claim within the 90-day statutory period must be considered. *See Diallo*, 224 AD2d at 340. Upon considering the remaining factors, the Court grants petitioner's application to file a late notice of claim as ordered below.

The purpose of the notice of claim provision in GML § 50-e(5) is to protect the municipality against unfounded claims and to assure it an adequate opportunity ... to explore the merits of the claim while information is still readily available." *Camacho v City of New York*, 187 AD2d 262, 263 (1st Dep't 1992) (citing *Teresta v City of New York*, 304 NY 440, 443 [1952]). "However, it should not operate as a device to defeat the rights of persons with legitimate claims." Indeed, "[the statute] is remedial in nature, and so should be liberally construed." *Camacho*, 187 AD2d at 263 (citing *Matter of Santana v City of New York*, 183 AD2d 665, 665 [1st Dep't 1992]).

3

As in the instant case, "where the police department conducted an extensive investigation in which the District Attorney's Office joined, knowledge of the essential facts constituting the claims within the statutory period can be imputed to the City." *Grullon v City of New York*, 222 AD2d 257 (1st Dep't 1995). Further, knowledge from police arrest records and District Attorney investigations resulting in the dismissal of the criminal action may be considered actual or constructive knowledge to the City. *See Tatum v City of New York*, 161 AD2d 580, 581 (2nd Dep't 1990), *appeal denied*, 76 NY2d 709 (1990). Where, "the claim is for false imprisonment and malicious prosecution, such knowledge may be imputed to the municipality through the officers in its employ who made the arrest or initiated the prosecution." *Justiniano v New York City Hous. Auth. Police*, 191 AD2d 252, 252-253 (1st Dep't 1993).

Here, an arrest was made, necessitating an investigation, with paperwork documenting the underlying incident, sufficient for the police to proceed and the District Attorney to prosecute. Thus sufficient actual or constructive notice was provided to the City, to warrant an extension of the time to file a notice of claim. Moreover, since notice can be imputed to the City, the City has failed to demonstrate that it was substantially prejudiced by the delay. *See Nunez v City of New York*, 307 AD2d 218, 220 (1st Dep't 2003); *Grullon v City of New York*, 222 AD2d 257, 258 (1st Dep't 1995). In fact, other than claiming prejudice in a conclusory fashion, the City has not articulated how it was prejudiced or what investigatory measures it was prevented from undertaking because of the "late" notice.

Accordingly, it is

ORDERED AND ADJUDGED that petitioner's application to serve a late notice of claim, with respect to his claims for false arrest and malicious prosecution, is granted as to the City and it is further

ORDERED AND ADJUDGED that petitioner's application to serve a late notice of claim, with respect to his claims for false arrest and malicious prosecution, is denied as to the NYPD; and it is

4

further

ORDERED that, within thirty days of entry, petitioner shall serve upon all parties a copy of this decision and judgment, with notice of entry, and it is further

ORDERED that the proposed notice of claim annexed to the petition as an exhibit shall be deemed timely served, upon service of a copy of this decision and judgment, with notice of entry, on respondents.

In granting this application, the Court does not pass on the relative merits of petitioner's claims. *See Weiss v City of New York*, 237 AD2d 212 (1st Dep't 1997).

This constitutes the decision/order of the Court.

Dated:

DORIS LING-COHAN, J.S.C.

Check one:      [X] FINAL DISPOSITION    [ ] NON-FINAL DISPOSITION
Check if Appropriate:   [ ] DO NOT POST

FILED

MAY 15 2013

COUNTY CLERKS OFFICE
NEW YORK

5

CV- 103922/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MUKUL BARUA,

                                          Petitioner,

        -against-

CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
NATHAN CAVADA
(Transit Div. Dist. 04- Shield #20077),
"JOHN DOES " (Unidentified police officers sued in their individual
and official capacities),

and

PANJIN SHIM,                                    **FILED**

                                                MAY 15 2013
                              Respondents.   AT    11:08  A M
                                             N.Y., CO. CLK'S OFFICE

_____

                    Judgment

_____

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted
to practice in the courts of New York State, certifies that, upon
information and belief and reasonable inquiry, the contentions
contained in the annexed document are not frivolous.

Dated: ..9/15/12..

                              Signature _____
                              Print Signer's Name:

                              Law Office of Wanda Sanchez Day, P.C.
                              Tel. 646-479-9517
                              Fax. 646-217-3706
                              Attorneys for Petitioner
                              By: Wanda Sanchez Day, Esq.
                              118-35 Queens Blvd., Suite 1603
                              Forest Hills, NY 11375
                              WSANZDAY@YAHOO.COM

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

Index No. 103922/12

_____

MUKUL BARUA,

                                        Petitioner,

        -against-


CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
NATHAN CAVADA(Transit Div.
Dist. 04- Shield #20077),
"JOHN & JANE DOES" Unidentified
police officers sued in their
individual and official capacities),

                                        Respondents.

_____


_____

NOTICE OF ENTRY WITH DECISION & ORDER
_____

**WANDA SANCHEZ DAY, P.C.**
**ALI & BAINS P.C.**
118-35 Queens Blvd, 17th floor
Forest Hills N.Y 11375
By: Wanda Sanchez Day, Esq.
Telephone (646) 479-9517
Facsimile (646) 217-3706

_____

Service of a copy of the within                              is hereby admitted.


                                        .........................................
                                        Attorney for
_____

Dated: Forest Hills, NY
May 15, 2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X

MUKUL BARUA,

                    Petitioner,            PROPOSED NOTICE OF CLAIM

          -against-

CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
NATHAN CAVADA
(Transit Div. Dist. 04- Shield #20077),
"JOHN DOES "
(Unidentified police officers sued in their individual
and official capacities),

               -and-
PANJIN SHIM,

                    Respondents.
          ------------------------------------X


     PLEASE TAKE NOTICE that the undersigned claimant makes claim

and demands against you as follows:

  1. Claimant, MUKUL BARUA, resides at 1164 Cromwell Avenue, Apt.

     2K, Bronx, NY 10452.

  2. Claimant's attorneys are the Law Office of Wanda Sanchez Day,

     P.C. and the Law Office of Ali & Bains, P.C., by Wanda Sanchez

     Day, Esq., located at 118-35 Queens Blvd., Suite 1603, Forest

     Hills, NY 11375.

  3. The time when, the place where and the Manner in which the

     claim arose are as follows:

       a. On July 6, 2011, at approximately 6:00pm, I was on the

          New York City subway train # 5.  The train was crowded.

          I was approached by a police officer, who I later came to

legal fees.

4. The items of Damages of Injuries Claimed to date are: in the amount of no less than $10,000,000.00 (ten million) or alternatively, an amount to be determined by the court or a jury after trial.

5. The undersigned claimant therefore presents this claim for adjustment and payment.  You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.

Dated:    Queens, NY
          July 10, 2012

x _Mukul Barua._
  MUKUL BARUA

Sworn before me this 10th day of July 2012

_____
     NOTARY PUBLIC

RUBAIYA RAHMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RA6139665
Qualified in Queens County
My Commission Expires January 17, 2014

CV-

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK

---

**MUKUL BARUA,**

                                        Petitioner,

           -against-

**CITY OF NEW YORK,**
**NEW YORK POLICE DEPARTMENT,**
**NATHAN CAVADA**
**(Transit Div. Dist. 04- Shield #20077),**
**"JOHN DOES " (Unidentified police officers sued in their individual**
**and official capacities),**

                                        Respondents.

---

### Notice of Motion

---

Pursuant to Section 130-1.1(a), the undersigned, an attorney admitted to practice in the Courts of
New York State, certifies under penalty of perjury and upon information and belief and reasonable
inquiry, that the contentions contained in the annexed document are not frivolous.


*Dated:* . . . . . . . . . . . . . . .

                    Signature _____

Print Signer's Name:
By: Wanda Sanchez Day, Esq.,
LAW OFFICE OF WANDA SANCHEZ DAY, PC
118-35 Queens Blvd., SUITE 1603
Forest Hills, NY 11375
Tel. 646-479-9517
Fax. 646-217-3706

## AFFIDAVIT OF SERVICE BY MAIL

Supreme Court of the State of New York
(County of NY)

INDEX # 103922/12

----------------------------------------------------------x

    Mukul Barua,

             Plaintiff/Petitioner,

         -against-

City of New York, New York Police Department,
Nathan Cavada(Transit Div. Dist. 04- Shield #20077),
"JOHN & JANE DOES" Unidentified police officers sued
In their individual and official capacities),

            Defendant/Respondent.

----------------------------------------------------------x

I, Naomi Cabrera, being duly sworn, depose and say: I am over 18 years of age and not a party to this action.

On May 15, 2013, I served by mail a copy of the following documents:

NOTICE OF ENTRY

By Delivery by mail to: Attorneys for respondents, Michael Cardozo, Corporation Counsel, New York City Law Department, 100 Church Street, New York, New York 10007.

Deponent enclosed copies of said document(s) in postpaid, sealed envelopes properly addressed to the addressee at the location noted above. I mailed the sealed envelope by applying proper postage and placing them in a depository under the exclusive control of the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Naomi Cabrera
(Print name)

(signature)

Sworn to before me this 15 day of, May, 2012

Notary Public

**WANDA SANCHEZ DAY**
Notary Public, State of New York
No. 02DA6152458
Qualified in Queens County
Commission Expires: Sept. 11, 2014

UNITED STATES DISTRICT COURT       ("ECF CASE")
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X    HON.
MUKUL BARUA,                            Index No.

                Plaintiff,

                                     DEMAND FOR TRIAL BY
         -against-                       JURY


CITY OF NEW YORK,
NATHAN CAVADA,(Transit Div. Dist.
04- Shield #20077),
"JOHN DOES" and "JANE DOES" (Unidentified
police officers employed by the City of New York
and sued in their individual and official capacities),

                Defendants.

-----------------------------------------------------------X

---

## VERIFIED COMPLAINT

---

*Dated:* .1.2.|.2.0.|20 13                                
                              Signature

```
Print Signer's Name:
ALI & BAINS, PC
LAW OFFICE WANDA SANCHEZ DAY, PC
By: Wanda Sanchez Day, Esq.,
118-35 Queens Blvd., SUITE 1709
Forest Hills, NY 11375
Tel. 646-479-9517
Fax. 646-217-3706
WD5076
```

12